THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

| | |
|---|---|
| ANNA BOYKO, ) | |
|         Plaintiff, ) | Case No.  2:10CV1191 DS |
| v. ) | **MEMORANDUM DECISION** |
| NICHOLAS J. PARKER ) | |
|         Defendant. ) | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

## I.  INTRODUCTION

This case arises from a motor vehicle accident that occurred on July 3, 2006, near Blanding, Utah on State Route 191.  Defendant Nicholas Parker, an employee of Defendant Aramark Sports and Entertainment Services, LLC, was driving a van with four other passengers, including Ms. Boyko, who were also off-duty Aramark employees on a shopping trip, when he lost control of the vehicle, left the roadway and rolled the vehicle.  Ms. Boyko was ejected from the vehicle and suffered serious injuries as a result.  Aramark, through its workers' compensation insurer, has paid all of Ms. Boyko's past medical expenses related to the accident.  In their Answer to the Amended Complaint, Aramark and Parker have asserted as an affirmative defense that "Ms. Boyko's claims are barred by the exclusive remedy provision of the Utah Workers' Compensation Act, Utah Code Ann. §34A-2-105(1)."[1]  Ms. Boyko now moves the Court for an order of partial summary judgment with respect to this affirmative defense.  Defendants Parker and Aramark have filed a cross-motion for summary judgment, arguing that as a matter of law, Ms. Boyko's claims are barred by the exclusive remedy provision.

---

[1] *See* Defendants' Answer to Amended Complaint

## II.  SUMMARY JUDGMENT STANDARD

A party may move for partial summary judgment as to an affirmative defense by identifying the defense on which summary judgment is sought.[2]  Such a motion for "partial summary judgment may be used by the Court to dispose of affirmative defenses."[3]  "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[4]  The material facts of this case are straightforward and are undisputed.  What is disputed is how those facts should be characterized relative to whether the accident occurred in the course and scope of Mr. Boyko's employment, and thus whether Aramark's Exclusive Remedy Defense is appropriate.  The court agrees with Ms. Boyko that there is no genuine issue of fact for the jury, and whether or not Ms. Boyko's injuries arose in the course and scope of her employment is purely a legal question to be determined by the Court.

Ms. Boyko has asserted repeatedly in her briefing that this court regards Defendant's exclusive remedy defense as not persuasive and has held that Ms. Boyko's proposed claims are not barred by the exclusive remedy provision of the Act.  However, Ms. Boyko misrepresents the court's prior order.  The order to which she refers, Order Granting Plaintiff's Motion for Leave to File an Amended Complaint, states: "*Accepting these allegations as true for the purposes of this motion*, the court finds that Ms. Boyko's injuries *may* have been non-work related, so her claims against Aramark would not be limited by the exclusive remedy provision of the Act" (emphasis

---

[2] Fed. R. Civ. P. 56(a)

[3] *Int'l Ship Repair & Marine Services, Inc. v. St. Paul Fire & Marine Ins. Co.,* 944 F. Supp. 886, 891 (M.D. Fla. 1996).

[4] Fed. R. Civ. P. 56(a).

added). Clearly that order applied only to the court's decision to allow Ms. Boyko to amend her complaint, and has nothing to do with the current motions for summary judgment.

### III. ANALYSIS

#### A. Workers' Compensation Exclusive Remedy Provision and the Coming-and-Going Rule

Under the Utah Worker's Compensation Act ("WCA"), the right to recover workers' compensation benefits "is the exclusive remedy against the employer and . . . against any . . . employee of the employer" for any injury "incurred by the employee in the course of or because of or arising out of the employee's employment."[5] However, Utah case law has made it clear that for the exclusive remedy provision to apply, the injuries must be suffered *within the course and scope of employment*.[6] The Utah Supreme Court has often expressed support for the "coming-and-going" rule, which is that injuries that occur in transit to or from work are not typically covered by the Act: "As a general rule, injuries sustained by an employee while traveling to and from the place of employment do not arise out of and in the course of employment and are, therefore, not covered by workers' compensation."[7] Ms. Boyko argues that because she was injured while traveling from her work location on a recreational shopping trip,

---

[5] Utah Code Ann. § 34A-2-105(1).

[6] *See Smith v. Am. Exp. Travel-Related Services*, 765 F. Supp. 1061, 1063 (D. Utah 1991)("The employee is, therefore, not bound by the exclusive remedy limitation if his or her injury does not arise out of or in the course of employment.")

[7] *VanLeeuwen v. Industrial Com'n of Utah,* 901 P.2d 281, 284 (Utah App. 1995). See also *Barney v. Industrial Comm'n,* 29 Utah 2d 179, 506 P.2d 1271 (1973) (Stating that the "well-established rule" is that "traveling to and from work is not part of the employment and is not covered by Workmen's Compensation.").

and because it was her day off and she performed no duty or task related to her employment, she was not acting within the scope of her employment.

### B. Exceptions to the Coming-and-Going Rule

#### i. The Bunkhouse Rule

Because of the unique conditions of Ms. Boyko's employment, however, several exceptions to the coming-and-going rule apply. Several states have recognized an exception to the coming-and-going rule, called the bunkhouse rule, which provides that when an employee is required to reside on the employer's premises and the employee sustains injuries while reasonably using the premises, those injuries are compensable under the bunkhouse rule. Courts have also applied the bunkhouse rule to injuries sustained off the employer's premises, taking into consideration factors such as the remoteness of the location, the amount of control the employer exercised over the activity, and whether the errand was reasonable.

In *Hamilton v. W.C.A.B.,* an employee living onsite at a remote location, was injured while traveling after work hours from his remote work site to purchase cigarettes. The court held that "it was within the contemplation of the parties that employees would leave the center after work hours to purchase [personal] items," making the employee's injuries compensable under the bunkhouse rule.[8] In another case, an employee was injured while working in Guam. The company provided vehicles for its employees to travel around the island, because there was no public transportation. While traveling from a nearby air base, the employee and her supervisor made a purely recreational detour, during which they were involved in an accident. The court held that the accident occurred within the course of the employee's employment.[9] The court held

---

[8] *Hamilton v. W.C.A.B.,* 187 Cal.App.3d 718, 231 Cal. Rptr. 917 (Ct. App. 1986).

[9] *Self v. Hanson,* 305 F.2d 699 (9th Cir. 1962).

that although the employee was not performing her duties and not being paid, she was using company transportation because she had no reasonable alternative. Even if the detour was purely recreational, recreation was necessary for employees living on a remote island and the company facilitated it by providing vehicles and indicating where the employees could go.[10]

In this case, Ms. Boyko was required to live at her remote location. She testified that there was no other option for housing. She did not have a means of transportation, and although there was a small store onsite, it did not offer groceries or basic personal supplies. If Ms. Boyko and other similarly situated employees wanted to leave their remote location for shopping or recreation, or any other reason, they depended entirely on Aramark to make the necessary arrangements. So even if the nature of the trip was purely recreational, the conditions of Ms. Boyko's employment would bring the accident within the scope of the bunkhouse rule.

This court recognizes that Utah has not adopted the bunkhouse rule, and that the cases applying the bunkhouse rule do not have precedential authority in this case. However, Utah courts have not rejected the bunkhouse rule either. They have simply not addressed the issue. The 10th Circuit has stated, "Where the state's highest court has not addressed the issue presented, the federal court must determine what decision the state court would make if faced with the same facts and issue."[11] Under the unique factual circumstances of this case, the court finds the reasoning behind the bunkhouse rule to be persuasive, especially in light of the following Utah cases.

---

[10] *Id.* at 702-03.

[11] *Rash v. J. V. Intermediate, Ldt.,* 498 F.3d 1201, 1206 (10th Cir. 2007) (internal quotation marks omitted.)..

### ii. Transportation furnished by the employer to the benefit of the employer

The Utah Supreme Court has specifically recognized an exception to the coming-and-going rule in cases "where transportation is furnished by the employer to the benefit of the employer."[12] In several cases, when articulating the coming-and-going rule, the Utah Supreme Court has used language that at least suggests that the rule is limited to situations in which the employee provides his or her own transportation. In *Whitehead v. Variable Annuity Life Ins. Co.,* the court held that, "As a general rule, an employee is not acting within the course and scope of his employment when he is traveling *in his own automobile* to and from work."[13] Another case held that generally an employee is not in the course and scope of his employment for purposes of workmen's compensation "*when he furnishes his own transportation* and is injured while going to or coming from his place of employment."[14] When deciding coming-and-going cases, Utah courts have specifically considered whether the employer provided the transportation. In *Cross v. Board of Review,* the court decided that the accident did not occur in the course and scope of the employee's employment, in part because the employer "did not undertake the responsibility

---

[12] *State Tax comm'n,* 685 P.2d at 1035; *see also Denver & R.G.W.R. Co. v. Indus. Comm'n,* 269 P.[] 512, 513 (Utah 1928) ("If . . . the employee lost his life by accident *while being transported by his employer* to his place of work pursuant to the terms and conditions of his employment, the risk of such accident was annexed to the employment, and the award should be sustained." (emphasis added)).

[13] *Whitehead v. Variable Annuity Life Ins. Co.*, 801 P.2d 934, 935 (Utah 1989)(emphasis added).

[14] *Higgins v. Industrial Commission,* 700 P.2d 704, 707 (Utah 1985)(emphasis added).

of providing transportation for [the employee]."[15] The court also considered the fact that the employer in that case did not "commit to paying [the employee's] transportation expenses to and from the . . . project.[16]

In this case, Aramark did "undertake the responsibility of providing transportation" for Ms. Boyko. Ms. Boyko was not driving to or from her place of employment in her own vehicle. She did not even have a car or a license to drive. Aramark provided a van that it owned and insured for the trip, assigned and paid Mr. Parker to drive the van, and covered the costs of the trip.

Ms. Boyko argues that the defendants have not offered any testimony or evidence that Aramark benefitted in any tangible way from this trip. She asserts that Aramark's argument is theoretical and that the claimed benefits to Aramark are intangible and legally insufficient to link a recreational activity to the employment. Aramark, however, points out the benefit that it receives from having its employees onsite and readily available when needed, rather than many miles away in the nearest cities and towns. In order to recruit and retain employees to work and live at such a remote location, Aramark must accommodate employee needs and recreation, which includes some offsite trips. Another relevant factor that courts consider when applying exceptions to the coming and going rule is the control exercised by the employer over the trip.[17]

---

[15] *Cross v. Board of Review*, 824 P.2d 1202, 1205 (Utah Ct. App. 1992), *superseded by statute on other grounds as stated in Murray v. Labor Comm'n,* 2012 UT App 33, ¶ 18, 271 P.2d 192.

[16] *Id.*

[17] *See Whipple v. Hill,* 2012 WL 2711544, at *2 ("Relevant factors that courts consider when applying [exceptions to the coming-and-going rule] include control and benefit to the employer.").

In this case, Aramark exercised significant, if not complete control over Ms. Boyko's trip. Addressing the issue of control, the Utah Supreme Court found that an employee was not in the course of his employment when he was injured while traveling home from work, based on the fact that "[g]oing to the theatre from [the employee's] home and returning home from the theatre were matters that were within his own control and convenience as to time, place, or manner, road, direction or means of conveyance. On those matters he exercised his own judgment and pleasure."[18] In this case, on the other hand, Aramark dictated the time, place, and means of conveyance for the trip. Aramark chose the time for the trip, and told the employees when they would go. Aramark also provided transportation and paid for all the travel costs. Ms. Boyko made the initial request to go, but beyond that, she had no control of the trip, which indicates that she was in the course and scope of her employment.

### C. Evidence of the Settlement Agreement May Not be Used

In her argument that the accident did not occur within the course of her employment with Aramark, Ms. Boyko relies heavily on language used in a settlement agreement between Aramark and Mr. Parker. She admits that the settlement agreement may not be used to prove the validity of her claim or for impeachment purposes, but argues that it can be used as evidence that Aramark knew that she was not acting within the scope of her employment at the time she was injured and nonetheless chose to make voluntary payments for her medical expenses on her behalf.

It is undisputed that the language Ms. Boyko has quoted is from a settlement agreement. The document, entitled "Compromise Settlement of a Disputed Claim," resulted from

---

[18]*Vitagraph, Inc. v. Industrial Commission,* 85 P.2d 601, 606 (Utah 1938).

negotiations between Mr. Parker and Aramark to resolve Mr. Parker's workers' compensation claim.  Under Rule 408 of the Federal Rules of Evidence, compromise offers and negotiations are not admissible "either to prove or disprove the validity or amount of a disputed claim or to impeach by a prior inconsistent statement or contradiction."  The Rule also applies to completed settlement agreements.  The advisory committee note to Rule 408 states, "While the rule is ordinarily phrased in terms of offers of compromise, it is apparent that a similar attitude must be taken with respect to completed compromises when offered against a party thereto."

It is also clear that in the Tenth Circuit, a settlement agreement and its language may not be admitted as an admission under rule 801: "[c]ompromise or settlement offers are not admissions of liability."[19]  Plaintiff argues that she intends to use evidence of the settlement agreement only to show that Aramark knew that Plaintiff was not acting within the scope of her employment at the time she was injured and nonetheless chose to make voluntary payments for Plaintiff's medical expenses on her behalf.  Since this is irrelevant in determining whether or not Ms. Boyko was acting within the scope of her employment, the court will not reach this issue.

### III.  CONCLUSION

Under the circumstances of this case, the court finds that Ms. Boyko's injuries did occur within the course and scope of her employment with Aramark.  As a result, Ms. Boyko's claims are barred by the exclusive remedy provision of the Utah Workers' Compensation Act, Utah Code Annotated § 34A-2-105(1).  Therefore, the court hereby denies Ms. Boyko's Motion for Partial Summary Judgment (Doc. #45), and grants Defendants Parker and Aramark's Cross-

---

[19] *Signature Dev. Cos. v. Royal Ins. Co of Am.,* 230 F.3d 1215, 1223 (10th Cir. 2000).

motion for Summary Judgment (Doc. #50). As a result, Defendant's Motion for Jury Trial (Doc. #61) is rendered moot.

SO ORDERED.

DATED this 2nd day of May, 2013.

BY THE COURT

_David Sam_

DAVID SAM
SENIOR JUDGE
U.S. DISTRICT COURT
